# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 3:11cr194 |
|---|---|---|
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| KRISHNA MOTE, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is defendant's motion to dismiss the indictment for violation of Defendant Krishna Mote's speedy trial rights. (Doc. 49). For the following reasons, this motion will be denied.

## Background

On June 7, 2011, a grand jury sitting in this district returned a two-count indictment naming Defendant Krishna Mote (hereinafter "defendant"). (Doc. 1). Count I charges defendant with conspiracy to distribute, and possession with intent to distribute, more than 280 grams of crack cocaine in violation of 28 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Count II charges defendant with distributing, and possessing with the intent to distribute, crack cocaine as an aider and abettor in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. The court issued an arrest warrant for defendant on the same day the grand jury returned the indictment. (Doc. 4).

The government arrested defendant, and he made his initial appearance on September 22, 2011. (Doc. 11). The court ordered

defendant detained, and he entered a not guilty plea. (Docs. 10, 13). The trial in this matter was scheduled for November 21, 2011. (Doc. 11).

On October 12, 2011, defendant moved for an extension to file pretrial motions. (Doc. 687 in 3:07cr144).[1] The court granted defendant's motion and trial was rescheduled for December 28, 2011. (Doc. 14). On November 16, 2011, defendant filed another motion for an extension of time to file pretrial motions. (Doc. 693 in 3:07cr144). The court, again, granted defendant's motion and the trial date was rescheduled for January 17, 2012. (Doc. 17). On January 4, 2012, defendant filed another motion to continue the trial. (Doc. 25). The court granted defendant's motion and trial was rescheduled for March 26, 2012. (Doc. 26).

---

[1] Defense counsel erroneously filed several motions under criminal docket number 3:07cr144, the docket number of a case involving the same alleged incident as the instant case. Defendant and ten other individuals were named in an indictment filed in docket number 3:07cr144 on April 4, 2007. (Doc. 1 in 3:07cr144). This first indictment was dismissed without prejudice with respect to defendant for violation of the Speedy Trial Act. (See Doc. 675 in 3:07cr144). Both the government and defendant agreed that the Speedy Trial Act had been violated with respect to the first indictment. (Id. at 4). The court recognized in our memorandum dismissing the first indictment that the trial was not rescheduled in that case, in part, because of the illness of the undersigned Judge. (Id. at 7). The instant case differs from the case initiated by the first indictment against defendant (3:07cr144) because, unlike the prior case, there has been no lengthy period in which the trial has not been scheduled in the instant matter.

Unless the court notes otherwise, all citations to the docket will be to the documents in the instant case, docket number 3:11cr194.

On March 6, 2012, the court rescheduled defendant's pretrial conference and trial date to April 11, 2012 and May 14, 2012 respectively. (Doc. 31). On April 10, 2012, prior to the scheduled pretrial conference, defendant filed two pretrial motions–one motion in limine and one discovery motion. (Docs. 35, 36). By order dated April 16, 2012, the court directed the government to respond to defendant's motion in limine. (Doc. 40). In that same Order, the court denied defendant's motion for additional discovery in light of the parties agreement to resolve further discovery disputes. On April 18, 2012, the court rescheduled defendant's trial for October 1, 2012. (Doc. 41). The court subsequently denied defendant's pretrial motion and scheduled another pretrial conference for September 20, 2012. (Docs. 46, 47). In anticipation of our September 20, 2012 pretrial conference, defendant filed the instant motion to dismiss, bringing this case to its current posture.

**Discussion**

Defendant's speedy trial argument is twofold. First, defendant argues that his continued detention without trial is in violation of the Speedy Trial Act, 18 U.S.C. § 3161, and the indictment against him should be dismissed. Second, defendant contends that the indictment should be dismissed because his Sixth Amendment constitutional right to a speedy trial has been violated. As is fully explained below, the court finds that both arguments lack merit. Defendant's motion will accordingly be denied.

### A. Speedy Trial Act, 18 U.S.C. § 3160

Under the Speedy Trial Act, the trial of a defendant who pled not guilty to the alleged commission of an offense as charged in an information or indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "'Congress enacted the Speedy Trial Act to give effect to the Sixth Amendment right to a speedy trial by setting specified time limits after arraignment or indictment within which criminal trials must be commenced.'" United States v. Lattany, 982 F.2d 866, 870 (3d Cir. 1992) (quoting United States v. Rivera Constr. Co., 863 F.2d 293, 295 (3d Cir. 1988)). "If the trial does not commence within the 70-day period, the Act requires that the indictment be dismissed." Rivera, 863 F.2d at 295 (citing 18 U.S.C. § 3162(a)(2)).

The Act does not mandate, however, that every criminal case go to trial within seventy days or face immediate dismissal. In calculating the seventy-day period prescribed by the Speedy Trial Act, "[d]elay resulting from any pretrial motion, from the date of the filing of the motion through the date of the prompt disposition of the motion, is excluded." United States v. Arbelaez, 7 F.3d 344, 347 (3d Cir. 1993). "Any pretrial motion, including a motion for extension of time, is a pretrial motion within the

4

meaning of Section 3161(h)(1)(F) and creates excludable time, even if it does not in fact delay trial." Id.

Furthermore, time attributable to a delay is excluded from the seventy-day time limit "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The district court must state its reasons for granting an "ends of justice" continuance; however, the statement of reasons need not be made contemporaneously with the order to continue because the Act's "reasons" requirement is satisfied by subsequent memorandum explaining the court's decision. See United States v. Brooks, 697 F.2d 517, 522 (3d Cir. 1982). Defendants bear the burden of proving a violation of the Speedy Trial Act. See 18 U.S.C. § 3162(a)(2). The question in this case is whether defendant has carried his burden and established that he has not faced trial by the appropriate date after subtracting excludable delays.

Defendant's proposed calculation of the days that should be excluded from the speedy trial clock is flawed and imprecise. Defendant concedes that he requested continuances for the November 21, 2011, December 28, 2011, and January 17, 2012 trial dates. (Doc. 50, Def.'s Br. in Supp. of Mot. to Dismiss at 2). Defendant's argument regarding delays since March 2012 is logically and grammatically disjointed. Defendant

5

contends, in part, as follows:

> The threat of Defendant's Motion to Dismiss is based on the fact that while a great deal of the Speedy Trial Act for that time period between September 22, 2011 and March 26, 2012, (sic) that the time period between March 26, 2012 and the current trial date of October 1, 2012 should not be excludable. If that time period is deemed not excludable, then a minimum of some one hundred and eighty plus days have lapsed for purposes of the Speedy Trial Act, a number considerably in excess of the statutorily mandated seventy days.

(Id.) Defendant's Speedy Trial Act "calculation" overlooks his pretrial motion in limine filed in April 2012, his ongoing unsatisfied discovery requests, the complexity of this case, the number of witnesses the government plans to call and the need for defense counsel to adequately prepare. All of these considerations impact the court's calculation of the days excluded under the Speedy Trial Act.

A review of the docket reveals that, when excludable time is counted, defendant's non-excludable time has not exceeded the 70-day period prescribed by the Speedy Trial Act. Defendant was arraigned on September 23, 2011 and he filed the instant motion 363 days later on September 19, 2012. Of the 363 days between the arraignment and the instant motion, twenty are non-excludable and 343 are excludable; thus, there has been no Speedy Trial Act violation.

The speedy trial clock began to run in this case on September 23, 2011, the day after defendant's initial appearance and arraignment. See 18 U.S.C. § 3161(c)(1). The clock stopped twenty days later when

6

defendant filed a motion to continue the trial on October 12, 2011. Defendant's motions to continue filed on November 16, 2011 and January 4, 2012 further tolled the speedy trial clock. A total of 166 days were excluded from the speedy trial clock because of the motions defendant filed between October 12, 2011 and the March 26, 2012 trial date. At the time each of these extensions were granted, the court found that the ends of justice warranted such an extension because counsel for the defense must be afforded adequate time to review complex cases, such as the instant case, prior to trial.[2] See Bloate v. United States, 130 S. Ct. 1345, 1355 (2010) ("Subsection (h)(7) provides that delays 'resulting from a continuance granted by any judge' *may* be excluded, but only if the judge finds that 'the ends of justice served by taking such action outweighs the

---

[2] The court notes that throughout the early stages of this case, defense counsel expressed concern that he needed more time to review the extensive discovery in this case. In his October 12, 2011 motion for an extension of time, defense counsel stated that he needed "additional time to review discovery material and meet with government counsel in order to determine if appropriate Pre-trial Motions should be filed." (Doc. 687 in 3:07cr144). In his November 16, 2011 motion for an extension of time, defense counsel represented to the court that he needed additional time to review discovery and prepare pretrial motions due to his "recent trial schedule in the Court of Common Pleas of Lackawanna County." (Doc. 693 in 3:07cr144). In his January 4, 2012 motion to continue, defense counsel averred that he "has recently received a witness and physical evidence list from government counsel. That due to the large number of witnesses listed, defense counsel will need additional time to investigate these witnesses in anticipation of trial and to inspect physical evidence the government plans to present." (Doc. 25).

best interest of the public and the defendant in a speedy trial' and records those findings.").

On March 6, 2012, the court, on its own initiative, rescheduled the pretrial conference for April 11, 2012 and the trial for May 12, 2012.  The ends of justice were served by this delay because the court had a civil trial and two criminal trials scheduled for late March and April of 2012.  Given the court's schedule, the complexity of this case, the number of anticipated witnesses and the significant penalties defendant could face if convicted, the court sought to dedicate undivided time on its calendar to defendant's case.  Thus, the time attributable to this delay is excluded under the Speedy Trial Act because the court's interest in preparing for a complex case to ensure proper proceedings outweigh the interest of the defendant and the public in a speedy trial.

On April 10, 2012, defendant filed two pretrial motions, further tolling the speedy trial clock until these motions were disposed of on May 23, 2012.  See Arbelaez, 7 F.3d at 347.  Although there is no transcript of the April 11, 2012 pretrial conference, the court recalls that the parties discussed the potentially large number of witnesses the government planned to call and the fact that defendant was still waiting for the government to turn over discovery.[3]  Given defendant's need for time to

---

[3] The court notes that as of the most recent pretrial conference, the government has yet to provide defendant with all of the discovery required

8

review the discovery so as to effectively prepare a defense, the need for more time to conduct plea negotiations, the court's need for time to consider the pretrial motions, as well as the grave nature of the situation,[4] the court found the ends of justice required that the trial date be continued. Consistent with the court's calendar, the court proposed a trial date of October 1, 2012, and the parties did not object. The additional delay caused by this continuance is excludable under the Speedy Trial Act because the court conducted an "ends of justice" analysis and determined that the defendant's interest in having an adequate opportunity to effectively prepare for trial, and the defendant's interest in thoroughly considering proposed plea agreements, outweigh the interest of the defendant and the public in a speedy trial.

Accordingly, a careful review of the docket reveals that only twenty days of non-excludable time have lapsed for speedy trial purposes. Since October 12, 2011, all delays in defendant's case are excludable either because the court was considering pretrial motions or because the court found that the ends of justice were served by granting a continuance. See

---

in this case. (See Doc. 48, Letter from Att'y Witaconis dated Sept. 14, 2012; Doc. 56, Pretrial Conf. Tr. at 2).

[4] The court notes that if defendant is convicted at trial, and if defendant does not accept responsibility for his actions, then he could face a mandatory life sentence according to the government. (Doc. 56, Pretrial Conf. Tr. at 3). Placing defendant, in the court's assessment, in a particularly grave situation.

18 U.S.C. §§ 3161(h)(1), (h)(7).  Moreover, at all relevant times, the court has scheduled definite new dates for trial.  See United States v. Gutierrez, 351 F. App'x 697, 700 (3d Cir. 2009) (holding that the district court did not err in excluding delay time from the speedy trial clock in a complex case when the court continued to outline specific deadlines for pretrial matters and scheduled definite new trial dates).  Defendant's brief, which vaguely asserts that all time after March 26, 2012 is non-excludable under the Speedy Trial Act, fails to establish that there was a violation.[5]  Defendant's motion will thus be denied on this point.

**B. Constitutional Right to a Speedy Trial**

The court similarly finds that defendant's constitutional claim for a violation of his speedy trial rights lacks merit.  The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. CONST. amend. VI.  The Supreme Court has created a balancing test for determining whether the constitutional right to a speedy trial has been violated.  Four factors apply: "the length of delay, reason for the delay, extent to which the defendant asserted his speedy trial right, and the prejudice suffered by the defendant."  United States v. Battis, 589 F.3d 673, 678 (3d Cir. 2009).

---

[5] The court notes that although the October 1, 2012 trial date was scheduled in April 2012, defendant did not assert his rights under the Speedy Trial Act until September 19, 2012.

None of the factors by themselves constitute "'either a necessary or sufficient condition,'" but must instead "'be considered together with such other circumstances as may be relevant.'"  Id. (quoting Barker v. Wingo, 407 U.S. 514, 530, 533 (1972)).  Violation of the speedy trial right requires dismissal of the indictment.  Id.

The court turns first to the length of the delay before trial.  In this context, "the delay is measured from the date of formal accusation, *i.e.*, from the earliest date of arrest or indictment until the commencement of trial."  Hakeem v. Beyer, 990 F.2d 750, 760 (3d Cir. 1993).  The court must make a two-part inquiry in reference to the delay.  First, the court must ask "whether [the delay] is long enough to trigger inquiry into the other Barker factors.'"  Battis, 589 F.3d at 678 (quoting Hakeem, 990 F.2d at 760).  "If the delay is relatively brief, then it is not necessary to consider the other Barker factors."  Id.  "If the delay is sufficiently long, courts assess the extent to which the delay was long enough to 'intensify' the prejudice caused by the delay."  Id.

In the instant case, the court concludes that the delay between the indictment and the expected trial date has been sufficiently long to examine the Barker factors.  A grand jury indicted defendant on June 7, 2011, approximately sixteen months prior to the expected trial date.  The Third Circuit Court of Appeals has required that courts weigh the Barker factors in cases with delays of a similar duration.  See, e.g., United States

v. Mensah-Yawson, No. 11-1103, 2012 WL 2335317, at *4 (3d Cir. June 20, 2012) (finding that a delay of fifteen months warranted considering the other Barker factors).

With regard to the second component of the first factor, the court finds that the delay was not sufficiently long to "intensify" any prejudice it allegedly caused. After examining the specific situation of this case, the court finds (as is fully discussed above) that this is a complicated case that involved as many as ten co-defendants under the original indictment. Moreover, defendant cites no prejudice peculiar to this case that he allegedly suffered as a result of the delay in prosecution. The delay in bringing this case to trial can be tolerated for Sixth Amendment speedy trial purposes because this case involves charges of conspiracy and a complex fact pattern. See Barker, 407 U.S. at 530-31. Therefore, the first factor weighs against dismissing the indictment.

The next factor is "the reason for the delay." Battis, 589 F.3d at 679. Courts have divided these reasons into three categories, and assigned weight to each. "A deliberate effort by the Government to delay the trial 'in order to hamper the defense' weighs heavily against the Government." Id. (quoting Barker, 407 U.S. at 531). Delays caused by "[a] 'more natural reason such as negligence or overcrowded courts' also weighs against the Government, though 'less heavily.'" Id. (quoting Barker, 407 U.S. at 531). By contrast, a valid reason, such as a missing witness, serves to justify an

appropriate delay. Id. Moreover, when the defendant or defendant's counsel is the cause of the delay, that delay "'weighs against the defendant.'" Id. at 680 (quoting Vermont v. Brillon, 556 U.S. 81, 90-91 (2009)).

Here, the court finds that there has been no deliberate effort by the government to delay the trial. The government has responded promptly to the motions filed by the defendant and to orders from the court. Instead, most of the delay in this case can be charged to the defendant. Defendant was indicted in June 2011 but did not make an initial appearance until September 2011. Thus, nearly four months of the delay in this case has been spent waiting for the defendant to appear. As is discussed above, the vast majority of the delay in this case since September 2011 is a result of defense counsel's need to review the discovery, prepare pretrial motions and conduct plea negotiations. See Gutierrez, 351 F. App'x at 700-01 (holding that the second and fourth Barker factors weighed heavily against a speedy trial violation when the delays were incurred to the defendant's benefit–delays that afforded the defendant time to prepare pretrial motions and engage in plea negotiations). The court concludes that this factor weighs heavily against dismissing the indictment.

The third Barker factor is "whether the defendant has asserted a right to a speedy trial." Battis, 589 F.3d at 680. Because a defendant is more likely to complain if the violation is serious, "a defendant's claim that the

13

right is being violated provides strong evidence that it actually was violated.'" Id. at 681. Defendant has asserted his speedy trial right, but only recently. Nearly three months have passed between the court's decision on defendant's most recent pretrial motions and defendant's first complaint about his lack of a speedy trial. As such, this factor weighs slightly in favor of dismissing the indictment on Sixth Amendment grounds because defendant, to some degree, has asserted this right.

Finally, the court examines "prejudice to the defendant." Id. at 682. A defendant can establish prejudice in two ways. First, "[a] defendant can establish specific prejudice by showing that he was subject to 'oppressive pretrial incarceration,' that he suffered 'anxiety and concern' about the impending trial, or that his defense was impaired as a result of the delay." Id. at 682 (quoting Barker, 407 U.S. at 532). Defendant has not alleged that he suffered oppressive incarceration beyond the length of time he has spent in jail, nor has he contended that the delay caused him anxiety and concern about his coming trial. Defendant has also failed to claim that his ability to defend himself has been hampered by the delay. Thus, defendant has not established prejudice on these grounds.

A defendant may also demonstrate prejudice by other means. The Supreme Court has found that "consideration of prejudice is not limited to the specifically demonstrable." Doggett v. United States, 505 U.S. 647, 655 (1992). Since time can make testimony less reliable and evidence

less useful, "we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." Id. at 655-56. "This presumption of prejudice can be mitigated by showing that the defendant acquiesced in the delay, or can be rebutted if the Government 'affirmatively prove[s] that the delay left [the defendant's] ability to defend himself unimpaired.'" Battis, 589 F.3d at 682 (quoting Doggett, 550 U.S. at 550 n.1, 559). The Third Circuit Court of Appeals has found that "prejudice will be presumed when there is a forty-five-month delay in bringing a defendant to trial, even when it could be argued that only thirty-five months of that delay is attributable to the Government." Id. at 683.

There is no support for the contention that the sixteen-month delay in this case is presumptively prejudicial. See Mensah-Yawson, 2012 WL 2335317, at * 5-6 (finding that delay of fifteen months is not presumptively prejudicial); Hakeem, 990 F.2d at 764 (holding that a delay of fourteen and one-half months is not presumptively prejudicial). Defendant has thus failed to establish that the fourth factor weighs in favor of dismissing the indictment. Therefore, assuming that the third factor weighs slightly in favor of finding that defendant's right to a speedy trial was violated, the other three factors weigh heavily against such a finding. As such, the court concludes that defendant was not deprived of the Sixth Amendment right to a speedy trial in this case.

**Conclusion**

For the reasons stated above, the court will deny defendant's motion to dismiss the indictment for violations of his speedy trial rights.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:11cr194 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| KRISHNA MOTE, | : | |
|       Defendant | : | |

## ORDER

**AND NOW**, to wit, on this 28th day of September 2012, Defendant Krishna Mote's motion to dismiss the indictment for violation of speedy trial rights (Doc. 49) is hereby **DENIED**.

                                         **BY THE COURT:**

                                         **s/ James M. Munley**
                                         **JUDGE JAMES M. MUNLEY**
                                         **United States District Court**